# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GENTLE HOMECARE, INC., an
Illinois Corporation,

        Plaintiff,

        Case No. 07-CV-118

-vs-

HONEYWELL HOMMED, LLC, a
Delaware limited liability company,

        Defendant.

## DECISION AND ORDER

      The plaintiff, Gentle Homecare, is an Illinois corporation with its principal place of business in Deerfield, Illinois. As the name suggests, Gentle Homecare is in the home health care business, providing individuals with nurses and other care-givers. The defendant, Honeywell HomMed, LLC ("Honeywell"), is a Delaware LLC with its principal place of business in Brookfield, Wisconsin. Honeywell is in the business of developing, manufacturing, and marketing a monitoring system for the remote monitoring of human vital signs.

      The parties entered into a Supply Agreement with a forum selection clause that designates the Circuit Court for Waukesha County, Wisconsin as the "exclusive forum regardless of *forum non conveniens* principles . . ." (Docket No. 14-2, Exhibit A, Section 15). Consistent with this clause, when the underlying dispute arose, Gentle Homecare filed suit in Waukesha County. However, Honeywell removed the action to this Court.

Gentle Homecare now moves to transfer this matter to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) ("in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought"). This action would be properly venued in the Northern District of Illinois because a substantial part of the events giving rise to Gentle Homecare's claims took place there. *See* 28 U.S.C. § 1391(a). Also, the Northern District can exercise personal jurisdiction over Honeywell because Honeywell transacted business in Illinois and entered into a contract with an Illinois corporation. Therefore, the underlying action could have been brought initially in the Northern District of Illinois.[1]

Gentle Homecare represents to the Court that the Northern District of Illinois was and is its forum of choice. However, Gentle Homecare filed suit in Waukesha County in an effort to comply with the forum selection clause. By removing this action to federal court, Gentle Homecare argues that Honeywell waived its rights under the forum selection clause and that Gentle Homecare should be awarded its original choice of forum.

Cases have consistently held that the plaintiff's choice of forum is paramount in a *forum non conveniens* analysis. Under § 1404(a), unless the balance of conveniences "is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 643

---

[1] The federal courts have original subject matter jurisdiction over this matter as the parties are diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. 1332(a); Docket No. 1, Petition for Removal, ¶¶ 4-6.

(7th Cir. 2003); *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003)).

The Court has no reason to doubt Gentle Homecare's assertion that the Northern District of Illinois was its original choice of forum, especially since its principal place of business is located there. It would be unfair to deny Gentle Homecare its forum of choice merely because it originally attempted to comply with the forum selection clause. Conversely, it would be unfair to award Honeywell its choice of forum when its actions are clearly in violation of the plain language of that clause.

Moreover, the balance of conveniences do not clearly favor Honeywell. While Honeywell cites a number of potential witnesses that are located in Wisconsin, the short distance between the Eastern District of Wisconsin and the Northern District of Illinois renders such concerns underwhelming. Honeywell also argues that the Supply Agreement was executed in Wisconsin, but admits that the central events of the alleged breach of contract occurred in Illinois.

Finally, Honeywell cites Judicial Caseload statistics which indicate that cases progress more quickly through this district by approximately seven months. Presuming that Gentle Homecare's underlying claims have some merit, any delay in resolution has the potential to harm Gentle Homecare more than Honeywell, as Gentle Homecare is the party seeking affirmative relief. Gentle Homecare is apparently willing to assume that risk, and the Court will not deprive them of this strategic choice.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Gentle Homecare's motion to transfer venue [Docket No. 10] is **GRANTED**; and

2. The Clerk of Court is directed to transfer this matter to the United States District Court for the Northern District of Illinois.

Dated at Milwaukee, Wisconsin, this 13th day of April, 2007.

        **SO ORDERED:**

        **s/Rudolph T. Randa**
        **HON. RUDOLPH T. RANDA**
        **Chief Judge**